## Commonwealth ex rel. Maloney v. Maloney

*Charles C. Keeler,* for plaintiff.

*W. Donald Sparks,* for defendant.

BRIAN, J., August 23, 1972.—Husband has appealed from the order of this court, entered May 26, 1972, awarding support to wife in the amount of $65 per week. This opinion is written in compliance with Superior Court Rule No. 46.

Appellant's counsel has advised the court by letters dated June 29 and July 21, 1972, that his client challenges only the amount of the order. That sole issue will be dealt with here.

The wife's testimony, which the hearing judge found credible, established that her needs required the sum of $78.35 per week. This was not seriously questioned by the husband, except for an item of $15 for rent. Husband contended that she continued to reside in the marital domicile, except for occasional absences. The hearing judge found that "she is fearful of remaining at the marital domicile and has permanently removed herself to another residence where she intends to remain."

The testimony of the wife further was unrebutted that until March of 1972, when he stopped giving her any money at all, husband regularly gave the wife $50 per week for food and incidental household expenses, not including bills for utilities, telephone, taxes, heat, etc., which the husband paid.

The evidence presented as to the husband's earnings was something less than clear cut. He contends that the only evidence of his income in 1972 is his Federal income tax return for the calendar year 1971 showing adjusted gross income of $7,022.48. It is of some significance that his counsel did not inquire in direct examination whether the same income rate was operative for the five-month period of 1972. The hearing judge refused to make that inference; and on the contrary, gave some weight to the wife's testimony that her husband, although then 71 years of age, continued to work full time in the conduct of a cement contracting business and supervision of about 15 rental properties which he owned and from which he derives income. She stated that she had acted for many years as his secretary and had filed joint tax returns with him until 1969 but not thereafter because of the onset of marital disputes; that his net income from all of his enterprises continues to be twelve to

fifteen thousand dollars per annum, which is what it was in 1969 when the last joint tax return was filed.

The hearing judge accepted this testimony as credible and in the light of the wife's assertion that the husband continued to work at his business full time, which was not denied, ordered a relatively modest increase of $15 per week over and above the $50 per week that husband had voluntarily given her as household money until March 1972. This order seems, on balance, to be fair on the not unreasonable inference that the husband is earning more than reported in his 1971 return, but at the same time discounting wife's claims as to his present income. It should also be noted that wife admits to some independent income derived from certain real estate to which she and others fell heir upon the death of her first husband. Her share amounts to $400 per annum or approximately $8 per week, which, taken together with the current order, is still less than her reported need.